# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MIRIAM ELLIS**, *an Individual*,

Plaintiff,

v.                                                                              Case No._____

**AIR COMPONENTS, INC.**,                                         **JURY DEMANDED**
*a Tennessee Corporation,*
**TUCKER SEISMIC SOLUTIONS, LLC,**
*a Tennessee Limited Liability Company, and*
**AUBREY TUCKER**, *individually,*

Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Miriam Ellis, individually, files this Original Complaint under the Fair Labor Standards Act ("FLSA") and for breach of contract against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to forty (40) a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v.*

1

*Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiff for all hours of work at the rates required by the FLSA. Plaintiff routinely worked in excess of forty (40) hours per week but was not paid overtime for doing this excessive work. Instead, Defendant misclassified Plaintiff as exempt from the protections of the FLSA and failed to pay proper regard to the amount of hours Plaintiff actually worked or guarantee proper payment of overtime.

## II.   PARTIES

3. Plaintiff Ellis is an individual who was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Complaint.

4. Plaintiff was misclassified as exempt from overtime, paid on a salary basis, and was not paid overtime pay for overtime work as required by the FLSA.

5. Corporate Defendant Air Components, Inc. is a corporation authorized to do business and that does business in the state of Tennessee. It can be served with process through its registered agent and President, Matthew Miller, at 279 Belhaven Street, Memphis, Tennessee 38117-1613, or wherever he may be found.

6. Corporate Defendant Tucker Seismic Solutions, LLC is a limited liability company authorized to do business and that does business in the state of Tennessee. It can be served with process through its registered agent, Tucker Seismic Solutions, LLC/Aubrey Tucker, at 500 Primrose Cove, Memphis, Tennessee 38117-3645, or wherever he may be found.

7. Defendant Aubrey Tucker is an individual residing in Tennessee and can be served with process at 500 Primrose Cove, Memphis, Tennessee 38117-3645, or wherever he may be found.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201, et seq., and 28 U.S.C. § 1331.

9. Venue is proper in the Western District of Tennessee because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

## IV.   COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

11. At all times hereinafter mentioned, Defendants have been employers within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

15. Defendant Air Components, Inc. sells commercial HVAC materials and products. It conducts business in Tennessee, Mississippi and Arkansas and does more than $500,000.00 per year in business.

16. Defendant Tucker Seismic Solutions, LLC sells Gripple seismic bracing systems predominantly for HVAC systems, and does more than $500,000.00 per year in business.

17. During the statutory period Defendant Aubrey Tucker was an employee of Air Components, Inc. and is the Owner of Tucker Seismic Solutions, LLC. In these capacities, he had the power to hire and fire employees and had this power over Plaintiff during the course of her relevant employment. Defendant Tucker was in charge of Plaintiff's schedule, supervised her work, misclassified her as exempt from overtime, and had knowledge of the overtime hours worked by Plaintiff, but failed to provide proper redress or lawful pay for this excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

18. Plaintiff was employed by Defendants during the three years prior to the filing of this suit, from approximately March 18, 2019 to April 19, 2020, as a salaried, overtime-exempt employee.

19. At all times, Plaintiff was misclassified by Defendant as an exempt employee. However, Plaintiff's duties made her a non-exempt employee under the FLSA because Plaintiff:

    a. did not exercise discretion or independent judgment with respect to matters of significance or in performing her primary duties;

    b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c. did not carry out major assignments in conducting the operations of the business;

    d. did not perform work that affects business operations to a substantial degree;

4

    e. did not have the authority to commit the employer in matters that have significant financial impact;

    f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

    g. did not have the authority to negotiate and bind the company on significant matters;

    h. did not provide consultation or expert advice to management;

    i. was not involved in planning long- or short-term business objectives;

    j. did not investigate or resolve matters of significance on behalf of management; and

    k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

20. Plaintiff was primarily responsible for taking direction from ownership (Aubrey Tucker and Matthew Miller), including performing bookkeeping duties such as handling accounts receivables and accounts payables, handling inventory, stocking inventory, updating notes and files, answering phones, and carrying out other non-manual and manual, clerical tasks, and general customer service work assigned to her.

21. In this capacity, Plaintiff regularly worked forty (40) or more hours in a workweek at one of Defendants' place of business and her home. In fact, Plaintiff often worked 50 to 60 hours or more in a given week. However, Plaintiff was not paid lawfully for doing this excess work. Defendants knew that Plaintiff worked in excess of forty (40) hours per week and they allowed and directed her to do so without providing proper payment for these excess hours. Instead, Plaintiff was paid under a pay scheme that paid her a flat salary, without regard to the amount of overtime hours she actually worked and without paying her overtime pay for overtime work.

22. Plaintiff was not lawfully compensated for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA because Defendants misclassified her as exempt from the overtime provisions of the FLSA. Plaintiff routinely worked in excess of forty (40) hours per week but was not paid time-and-one-half her regular rates of pay for all of her excessive hours.

23. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. Defendants received complaints from Plaintiff regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

24. In addition to the non-payment of overtime, Plaintiff had accrued 2 weeks of vacation pay at the time of her separation of employment.

25. Plaintiff avers that it is the Defendants' policy and practice to compensate employees at the time of their separation for unused and accrued vacation time.

26. Shortly after Plaintiff's employment ended, she made a demand to be compensated for her unused and accrued vacation time. To date, Defendants have failed to compensate Plaintiff for said accrued vacation time, despite their policy and prior practice.

## VI.   FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as if fully set forth herein.

28. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating Plaintiff for her

work in excess of forty (40) hours per week at rates no less than one-and-one-half times the regular rates for which she was employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

### VII.   SECOND CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff accepted an offer of employment from Defendants in which the company policy of compensating employees for any unused and accrued vacation time if, and when, an employee's employment with Defendants ended was laid out. Since Plaintiff's employment with Defendants ended, she has not been compensated for two (2) weeks of unused and accrued vacation time.

31. Plaintiff has made demands to be compensated for her used and accrued vacation time in accordance with the Defendants' policy and practice, but has yet to receive this compensation.

32. Due to Defendants failure to compensate Plaintiff with her unused and accrued two (2) weeks of vacation time, Defendants have unjustly enriched themselves and breached their contract with Plaintiff by failing or refusing to compensate Plaintiff pursuant to an implied employment agreement.

### VIII.   RELIEF SOUGHT

33. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff, the costs of this action;

   c. For an Order awarding Plaintiff attorneys' fees;

d.  For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
B. Alan Matthews (TN BPR #37828)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com
amatthews@jsyc.com

*Attorneys for Plaintiff*